UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
KIM RICOTTELLI                :   Civ. No. 3:18CV01314(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL          :
SECURITY ADMINISTRATION       :   December 1, 2020
                              :
------------------------------x
```

### RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §406(b) [Doc. #39]

Attorney Hannalore Merritt ("petitioner"), as counsel for plaintiff Kim Ricottelli ("plaintiff"), has filed a motion for attorney's fees pursuant to 42 U.S.C. §406(b)(1), seeking an award of fees in the amount of $26,528.25. See Doc. #39 at 1-2. Defendant Andrew M. Saul, the Commissioner of the Social Security Administration ("SSA"), has filed a response requesting that the Court determine the timeliness and reasonableness of plaintiff's fee petition, but raising no objections. See Doc. #36 at 2-4. For the reasons articulated below, plaintiff's Motion for Attorney's Fees Pursuant to Section 206(b)(1) of the Social Security Act [**Doc. #39**] is **GRANTED, in part.** The Court awards petitioner total attorney's fees of **$18,378.00**, under the doctrine of quantum meruit.

A.   **Background**

Plaintiff filed an application for disability insurance benefits ("DIB") on November 10, 2011, alleging a disability beginning September 23, 2011. See Certified Transcript of the Administrative Record, Doc. #19 and attachments, compiled on September 8, 2018, (hereinafter "Tr.") at 156. Her DIB claim was denied initially on March 8, 2012, and upon reconsideration on August 15, 2012. See Tr. 160-61, 169. Plaintiff did not have an attorney or appointed representative at that time. See Tr. 161, 163. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") on September 14, 2012, still acting without a representative. See Tr. 179.

On September 20, 2012, plaintiff entered into a fee agreement with Citizens Disability, LLC (the "2012 Fee Agreement"). See Tr. 182. The agreement states: "If the claim is decided favorably I will pay my representative a fee equal to 25% of the past-due benefits due me and my family[.]" Tr. 182. The 2012 Fee Agreement is signed by plaintiff and by Andrew S. Youngman and Christopher S. O'Connor of Citizens Disability, LLC. See Tr. 182. Plaintiff formally designated Andrew S. Youngman as her representative on that same date. See Tr. 181.

On September 26, 2013, Administrative Law Judge William J. Dolan held a hearing at which plaintiff was represented by Attorney Steven Aspirino. See Tr. 140-55. Also on September 26,

2013, plaintiff entered into a second fee agreement with Citizens Disability, LLC (the "2013 Fee Agreement"). See Tr. 253. The terms of the 2013 Fee Agreement are identical to those in the 2012 Fee Agreement. Compare Tr. 182, 253. The 2013 Fee Agreement is signed by plaintiff and by Andrew S. Youngman, Christopher S. O'Connor, and Steven Aspirino of Citizens Disability, LLC. See Tr. 253. Plaintiff formally designated Steven Aspirino as an additional representative on that same date. See Tr. 252.

On December 30, 2013, ALJ Dolan found that plaintiff was not disabled, and denied her claim. See Tr. 124-39. On July 22, 2014, the Appeals Council denied review, thereby rendering ALJ Dolan's decision the final decision of the Commissioner. See Tr. 1-7. Plaintiff timely appealed that decision to this Court on September 25, 2014 (the "2014 Appeal"). See Ricottelli v. Colvin, 3:14CV01412(AWT) (D. Conn. Sept. 25, 2014), Doc. #1. Plaintiff was represented in that matter primarily by Karl Osterhout, a member of petitioner's law firm, Osterhout Berger Disability Law ("Osterhout Berger"). See 2014 Appeal, Doc. #9. The undersigned issued a ruling recommending that the case be remanded for further agency review, which was adopted, absent

3

objection, by Judge Thompson on January 29, 2016. See 2014 Appeal, Docs. #25, #26.

On February 16, 2016, plaintiff entered into an agreement for "OSTERHOUT DISABILITY LAW, LLC., to represent me in my claim for Disability Benefits under the Social Security Act, in concert with CITIZENS DISABILITY, LLC on appeal before the Federal district Court only." 2014 Appeal, Doc. #31-2 at 1 (sic) (emphasis in original) (the "2016 Fee Agreement").[1] The agreement is signed by plaintiff, and by Karl Osterhout and Lindsay Osterhout "obo the firm". Id. The 2016 Fee Agreement states, in relevant part:

> If a federal court appeal is filed, and the case is successful, OSTERHOUT DISABILITY LAW will apply for fees under the Equal Access to Justice Act (EAJA) which (if awarded by the Court) means that the government will actually bear the fees for having to present my case in federal court[.] ... OSTERHOUT DISABILITY LAW will not charge or attempt to charge a fee for their services which will be taken from my past due benefits, if I am ultimately awarded benefits.

Id.

On April 20, 2016, Attorney Karl Osterhout filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). See 2014 Appeal, Doc. #31. Attorney Osterhout asserted that he performed 40.7 hours of work on the 2014 Appeal, and

---

[1] Plaintiff is now represented by "Osterhout Berger Disability Law," which the Court presumes is the current iteration of "Osterhout Disability Law, LLC," and can be treated as the same firm for the purposes of this ruling.

that the then-prevailing EAJA rate was "slightly more than $190.00 per hour." 2014 Appeal, Doc. #31 at 1-2. The parties reached an agreement for an award of $6,500.00, see 2014 Appeal, Doc. #28, effectively reducing the hours for which counsel would be paid to 34.21 hours of work at a rate of $190.00 per hour. See 2014 Appeal, Doc. #31 at 1-2. The undersigned granted the motion on April 20, 2016. See Tr. 885-91.

On August 20, 2014, after ALJ Dolan issued his December 30, 2013, decision, but before this Court resolved the 2014 Appeal, plaintiff filed an application for Supplemental Security Income ("SSI"), designating Andrew S. Youngman as her representative. See Tr. 801. That claim was denied initially on September 24, 2014, and upon reconsideration on October 8, 2015. See Tr. 811-12, 868. On March 24, 2016, following remand by the Court, the Appeals Council issued an order remanding plaintiff's case to an ALJ and directing the ALJ to consolidate plaintiff's DIB and SSI claims. See Tr. 798.

On November 15, 2016, a second administrative hearing was held before ALJ Ryan A. Alger. See Tr. 718-42. Plaintiff formally designated Attorney Matthew Lord[2] as an additional representative on that same date, see Tr. 988, and was

---

[2] Attorney Lord's address on the appointment form is the same address as used by Andrew Youngman, compare Tr. 988 and 1051, so the Court presumes he was employed by Citizens Disability, LLC.

represented at the hearing by Attorney Lord. See Tr. 720. ALJ Alger issued a decision denying plaintiff's applications for DIB and SSI on January 3, 2017. See Tr. 892-916. Plaintiff requested review by the Appeals Council, which was granted on September 21, 2017, see Tr. 917-22, and the case was remanded back to ALJ Alger. See Tr. 692-717.

On April 19, 2018, a third administrative hearing was held before ALJ Alger. See Tr. 692-718. Plaintiff formally designated Attorney Ryan Bell as an additional representative on that same date, see Tr. 1066, and she was represented at the hearing by Attorney Bell. See Tr. 694. ALJ Alger issued a decision on May 2, 2018, again denying plaintiff's applications for DIB and SSI. See Tr. 663-91. Plaintiff did not file any written exceptions, so the ALJ's decision became the final decision of the Commissioner, subject to judicial review, sixty-one days thereafter. See Tr. 664.

On July 25, 2018, plaintiff entered into an agreement to "retain and employ The Law Offices of OSTERHOUT BERGER DISABILITY LAW, LLC., to represent me in my claim for Disability Benefits under the Social Security Act, in concert with CITIZENS DISABILITY on appeal before the Federal District Court only." Doc. #29-2 at 1 (emphasis in original) (the "2018 Fee Agreement"). This Agreement was signed by plaintiff, and by Attorneys Karl E. Osterhout, Lindsay F. Osterhout, Erik W.

6

Berger, and the petitioner, Hannalore B. Merritt.[3] See Doc. #29-2. The language of the 2018 Fee Agreement is identical to that of the 2016 Fee Agreement.

Represented by petitioner, plaintiff filed the Complaint in this matter on August 8, 2018. See Doc. #1 (the "2018 Appeal"). On September 26, 2019, the undersigned reversed the decision of the Commissioner and remanded the matter for a calculation and award of benefits to plaintiff. See Doc. #27. Judgment entered in favor of plaintiff on September 26, 2019. See Doc. #28.

On December 20, 2019, petitioner filed a Motion for Attorney's Fees Under the EAJA, see Doc. #29, and that same day filed an Amended Motion for Attorney's Fees under the EAJA. See Doc. #30. Petitioner asserted that she performed 48.1 hours of work on the 2018 Appeal, and that the then-prevailing EAJA rate was "slightly more than $200.00 per hour." Doc. #30 at 1-2. The parties reached an agreement for an award of $8,600.00, see Doc. #31, effectively reducing the hours for which counsel would be paid to 43 hours of work at a rate of $200.00 per hour. On January 4, 2020, the undersigned granted the Amended Motion for the stipulated amount of $8,600.00. See Doc. #32 at 9.

On August 20, 2020, plaintiff received notice that the SSA had determined she is "entitled to monthly disability benefits

---

[3] All four attorneys were attorneys at Osterhout Berger.

7

from Social Security beginning March 2012." Doc. #39-2 at 1. The SSA awarded plaintiff $106,113.00 in total past due benefits. See id. The SSA withheld 25% of this amount, or $26,528.25, for the payment of attorney fees. See id. at 3.

On September 5, 2020, plaintiff entered into another fee agreement with Osterhout Berger (the "2020 Fee Agreement"). See Doc. #39-6. The 2020 Fee Agreement states, in relevant part:

> If a federal appeal is successful and I am awarded benefits after my new hearing, I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the amount set forth in 42 U.S.C. 406(a)(2) (that is, more than $6,000).

Doc. #39-6 at 1. The 2020 Fee Agreement is signed by plaintiff, and by five Osterhout Berger attorneys: petitioner Hannalore Merritt, Karl Osterhout, Lindsay Osterhout, Erik Berger, and Mark Barrett. See id.[4]

On September 11, 2020, plaintiff filed a Motion for Attorney's Fees Pursuant to Section 206(b)(1) of the Social Security Act. See Doc. #34. On October 7, 2020, plaintiff filed an Amended Motion for Attorney's Fees Pursuant to Section 206(b)(1) of the Social Security Act, seeking $26,528.25. See Doc. #39. In the Amended Motion, petitioner explained that Osterhout Berger has represented plaintiff since the 2014 Appeal. See id. at 1. Petitioner clarified that the firm had

---

[4] The Court notes that all of the signatures, except plaintiff's, appear to be stamps, rather than original signatures.

been awarded EAJA fees in both the 2014 Appeal and the 2018 Appeal, totaling $15,100, which would be refunded to plaintiff if the Court were to grant fees from the past-due benefits. See id. at 2 n.1; 7. On October 16, 2020, the undersigned held oral argument on the Motion. See Doc. #42. Petitioner appeared for plaintiff, and attorneys Judith Cohen and Peter Jewett appeared for defendant. See id.

**B.    42 U.S.C. §406(b)**

Pursuant to 42 U.S.C. §406(b)(1), petitioner seeks an award of $26,528.25, or 25% of plaintiff's past-due benefits, as attorney's fees. See Doc. #39 at 1-2. Petitioner argues that she is entitled to this award based on the 2020 Fee Agreement. See id. at 4. Petitioner further argues that the amount requested is reasonable. See id. at 6-7.

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. §406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as

9

an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

When considering a fee application under section 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990). Ultimately, the attorney seeking the award "must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

**C.   The Enforceability of the 2020 Fee Agreement**

As described above, plaintiff has entered into at least five separate fee agreements since 2012. Two of those agreements -- the 2012 and 2013 Fee Agreements -- were entered into by plaintiff and members of Citizens Disability, LLC. See Tr. 182, 253. The other three -- the 2016, 2018, and 2020 Agreements -- were entered into by plaintiff and members of Osterhout Berger.[5]

---

[5] The 2016 and 2018 Fee Agreements indicate that Osterhout Berger worked "in concert with CITIZENS DISABILITY, LLC" in representing plaintiff. 2014 Appeal, Doc. #31-2 at 1; 2018 Appeal, Doc. #29-2 at 1. The 2020 Fee Agreement makes no mention of Citizens Disability, LLC. See Doc. #39-6.

10

See 2014 Appeal, Doc. #31-2; 2018 Appeal, Doc. #29-2; 2018 Appeal, Doc. #39-6.

The 2018 Agreement specifically disclaims any right for Osterhout Berger to seek a fee award from the payment of past-due benefits: "OSTERHOUT BERGER DISABILITY LAW will not charge or attempt to charge a fee for their services which will be taken from my past due benefits, if I am ultimately awarded benefits." Doc. #29-2 at 1. The 2016 Agreement includes identical language. See 2014 Appeal, Doc. #31-2 at 1 ("OSTERHOUT DISABILITY LAW will not charge or attempt to charge a fee for their services which will be taken from my past due benefits, if I am ultimately awarded benefits.").

Petitioner has attached the 2020 Fee Agreement to her motion for attorney's fees; she asserts that it provides the basis for a fee award of 25% of plaintiff's past-due benefits. See Doc. #39-6. Petitioner contends: "The contingent-fee contract between Plaintiff and her attorney provided that the fee for representation would be 25% of past-due benefits paid to Plaintiff's counsel for Federal Court representation, and specifically provides that any rights she has to this award are assigned to counsel." Doc. #39 at 4. The 2020 Fee Agreement does indeed provide that plaintiff will "pay a fee of 25% of my past due benefits," to counsel. Doc. #39-6.

However, the 2020 Fee Agreement is dated "9-5-20[,]" id., and at oral argument petitioner confirmed that all parties signed the 2020 Fee Agreement on September 5, 2020. The SSA informed plaintiff that she had been awarded past-due benefits on August 30, 2020. See Doc. #39-2 at 1. The 2020 Fee Agreement was thus signed by all parties after the past-due benefits had been awarded. Indeed, petitioner explained at oral argument that when plaintiff received notice of her award on August 30, 2020, the attorneys realized that plaintiff had never signed a contingency fee agreement that would entitle the firm to an award of 25% of her past-due benefits. Petitioner therefore asked plaintiff to sign the 2020 Fee Agreement after the award was received, and plaintiff agreed.

"[T]he parties to a written contract retain the power to alter or vary or discharge any of its provisions by a subsequent agreement." New England Petroleum Corp. v. Groppo, 572 A.2d 970, 973 (Conn. 1990) (citations and quotation marks omitted). For a modification of a contract to be enforceable, however, there must be new consideration. See Harris Calorific Sales Co. v. Manifold Systems, Inc., 559 A.2d 241, 244 (Conn. App. Ct. 1989); see also Coniglio v. White, 804 A.2d 990, 995 n.5 (Conn. App. Ct. 2002) (same). Where there is no "valid consideration" supporting any "purported superseding agreement or modification[,]" the new agreement is unenforceable. Ahrens v.

12

Dunkin' Brands, Inc., No. 3:09CV00186(VLB), 2011 WL 60517, at *5 (D. Conn. Jan. 4, 2011).

Here, there is no new consideration for the 2020 Fee Agreement. By September 5, 2020, when the 2020 Fee Agreement was signed, plaintiff had already received notice of her award for past-due benefits, marking a successful end to her disability applications and related litigation. See Doc. #39-2 (notice of award dated August 30, 2020). Petitioner made no new promises to plaintiff, and incurred no new obligations to plaintiff, in exchange for the new promise from plaintiff to pay an increased fee award. Cf. Thoma v. Oxford Performance Materials, Inc., 100 A.3d 917, 923 (Conn. App. Ct. 2014) ("A modification of an agreement must be supported by valid consideration and requires a party to do, or promise to do, something further than, or different from, that which he is already bound to do." (citation and quotation marks omitted)). The legal services petitioner previously provided to plaintiff cannot serve as consideration for the 2020 Fee Agreement because "[t]he general rule is that past services will not constitute a sufficient consideration for an executory promise of compensation for those services." Osborne v. Locke Steel Chain Co., 218 A.2d 526, 530 (Conn. 1966). Accordingly, there is no new consideration for the 2020 Fee Agreement, and it is unenforceable.

The Connecticut Rules of Professional Conduct govern contingency fee agreements. See Connecticut Rules of Professional Conduct 1.5(c).[6] The commentary to Rule 1.5 provides that "[a]bsent extraordinary circumstances," a written fee agreement should be provided to a client "before any substantial services are rendered, but in any event, no later than 10 days after commencing the representation." Connecticut Rules of Professional Conduct 1.5, commentary.  The 2020 Fee Agreement runs afoul of this rule. Far from being provided to plaintiff "before any substantial services [were] rendered," Connecticut Rules of Professional Conduct 1.5, commentary, the 2020 Fee Agreement was not signed until after petitioner's work on behalf of plaintiff had ended. See Doc. #39-6.

In sum, the fee agreement petitioner submits as a basis for an award of 25% of plaintiff's past-due benefits is unenforceable for lack of consideration, and it violates the Connecticut Rules of Professional Conduct. Accordingly, petitioner is not entitled to an award of $26,528.25 based on that agreement, and her Motion for Attorney Fees Pursuant to Section 206(b)(1) if the Social Security Act [Doc. #39] is DENIED, as to that request.

---

[6] The District of Connecticut has adopted most of the Connecticut Rules of Professional Conduct, including the relevant provision of Rule 1.5. See D. Conn. L. Civ. R. 83.2(a).

14

**D.    Quantum Meruit**

The Court next turns to whether petitioner is nonetheless entitled to some additional fee award, beyond what has already been paid through EAJA, based on the doctrine of quantum meruit. Here, there was no contract in effect between the parties when the award of past-due benefits was made. The 2018 Fee Agreement, by its express terms, terminated with the entry of judgment in the 2018 Appeal. See Doc. #29-2 at 1 (Osterhout Berger was contracted only "to pursue [plaintiff's] appeals rights before the federal court."). "Quantum meruit is a theory of contract recovery that does not depend upon the existence of a contract, either express or implied in fact." Gagne v. Vaccaro, 766 A.2d 416, 423 (Conn. 2001) (citations omitted). "Quantum meruit literally means as much as he has deserved[.] Centered on the prevention of injustice, quantum meruit strikes the appropriate balance by evaluating the equities and guaranteeing that the party who has rendered services receives a reasonable sum for those services." Id. at 423-24 (citation and quotation marks omitted).

"Quantum meruit ... is the form of action which has been utilized when the benefit received was the work, labor, or services of the party seeking restitution." Burns v. Koellmer, 527 A.2d 1210, 1216 (Conn. App. Ct. 1987). "An attorney may bring a quantum meruit claim to recover unpaid attorney's fees."

15

McCarter & English LLP v. Jarrow Formulas, Inc., No. 3:19CV01124(MPS)(SALM), 2020 WL 2528508, at *7 (D. Conn. Mar. 3, 2020).

Osterhout Berger has already been awarded $15,100.00 in EAJA fees for its representation of plaintiff since 2014. See Doc. #39 at 7. This total received -- $6,500.00 in EAJA fees for the 2014 Appeal and $8,600 in EAJA fees for the 2018 Appeal -- represents a reduction from the total amount of billable time expended on those matters. As noted above, the parties stipulated to reduced fee awards in each of the appeals, such that between the two EAJA fee awards, Osterhout Berger received a total of $15,100.00 for 77.21 hours of work, even though its attorneys actually performed 88.8 hours of work.

Petitioner now seeks $26,528.25 for the 88.8 hours of work performed on both the 2014 and 2018 Appeals, an increase of $11,428.25 over the fees received to date. See Doc. #39 at 4-5. The question before the Court is whether Osterhout Berger is entitled to any additional award under the doctrine of quantum meruit, or whether the firm has already "receive[d] a reasonable sum for [its] services." Gagne, 766 A.2d at 423–24.

The Court finds that Osterhout Berger is entitled to an additional fee award. Osterhout Berger has thus far been compensated for 77.21 hours of work, but the firm actually performed 88.8 hours of work on the two appeals to this Court.

16

Petitioner argues, and the Court agrees, that Osterhout Berger is entitled to compensation for all 88.8 hours of work performed. Upon reviewing the itemizations from the 2016 and 2019 fee applications, the Court finds that the total amount of time billed on the two appeals is reasonable. More significantly, Osterhout Berger achieved an excellent result for plaintiff in her efforts to obtain disability benefits. The firm represented plaintiff over a six-year period, eventually succeeding in obtaining the best possible result. When this Court reversed the ALJ's decision and remanded for a calculation of benefits in September 2019, plaintiff's claim had been pending for more than eight years. See Doc. #27. In that time, plaintiff's claims for benefits were denied nine separate times. See supra, Background, at pp. 1-8. Plaintiff has now been awarded past-due benefits beginning in March 2012, thanks, in large part, to the efforts of Osterhout Berger and, in particular, petitioner.

In determining the value of the services rendered for purposes of a quantum meruit analysis, the Court is conscious of the fact that EAJA hourly rates are capped well below the prevailing rates for legal fees generally. See 28 U.S.C. §2412(d)(2)(A); see also Urbancik v. Saul, No. 1:19CV11735(JLC), 2020 WL 6605256, at *2 (S.D.N.Y. Nov. 12, 2020) ("For EAJA purposes, fees are calculated by using a set rate, increased by

17

a cost-of-living adjustment based upon the most recent consumer price index [CPI] on the date that the plaintiff becomes a prevailing party." (citation and quotation marks omitted)). The current EAJA rate is approximately $205.00 per hour. See Peter P. v. Saul, No. 5:19CV00691(NAM), 2020 WL 4924574, at *1 (N.D.N.Y. Aug. 21, 2020) (approving an hourly rate of $206.06); Skibitcky v. Saul, No. 3:19CV00801 (WIG), 2020 WL 3867275, at *3 (D. Conn. July 9, 2020) (approving an hourly rate of $205.00). Taking into account that petitioner's hourly rate was limited by the EAJA, the Court finds it reasonable that petitioner recover the permissible hourly rate for all of the hours actually worked on this matter.

Plaintiff's "interests were defended loyally, earnestly and successfully by" petitioner, and she "is entitled to reasonable compensation[.]" Gagne, 766 A.2d at 429. The Court finds it reasonable to compensate Osterhout Berger for the full amounts sought in the two EAJA fee petitions. In the 2014 Appeal, the total amount sought was $7,733.00, see 2014 Appeal, Doc. #33-1 at 1, $1,233 more than was eventually awarded. See 2014 Appeal, Doc. #32. In the 2018 Appeal, the total amount sought was $9,620. see Doc. #30 at 2, $1,020 more than was eventually awarded. See Doc. #32. The total shortfall is therefore **$2,253.00**.

In addition, the Court finds that petitioner performed further valuable work for plaintiff in the eleven months that passed between the Court's entry of judgment in favor of plaintiff and the actual award of past-due benefits. At oral argument, petitioner represented that she continued to act on plaintiff's behalf during that time, in an effort to ensure that the award was actually made. While petitioner has, appropriately, not included this time in her itemization, the work is of value and benefitted plaintiff, such that it may be considered in the quantum meruit analysis. the Court awards petitioner fees for an additional five hours of work, at a rate of $205.00 per hour, for a total of **$1,025.00**. See Skibitcky, 2020 WL 3867275, at *3 (approving an hourly rate of $205.00 under the EAJA).

In total, the Court finds that petitioner is entitled to a total award of **$18,378.00** in this matter, that is, **$15,100.00** previously award under EAJA, and an additional **$3,278.00** under the theory of quantum meruit. The Court finds this to be the reasonable value of the services rendered to plaintiff, in the absence of an enforceable fee agreement. In total, the Court awards petitioner **$18,378.00 to be paid from the past-due benefits**. Petitioner shall refund to plaintiff the amount of **$15,100.00** previously received under the EAJA.

**E.   Conclusion**

For the reasons set forth herein, plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. §406(b)(1) [**Doc. #39**] is **GRANTED, in part**. Petitioner is entitled to attorney's fees in the amount of **$18,378.00**. Upon receipt of this award, petitioner is ordered to refund to plaintiff the amount of **$15,100.00**, and to thereafter file a certification on the docket that she has done so.

It is so ordered at New Haven, Connecticut this 1st day of December, 2020.

/s/<br>
HON. SARAH A. L. MERRIAM<br>
UNITED STATES MAGISTRATE JUDGE